[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST FOR INJUNCTION
This request for an injunction is made pursuant to §52-570 of the general statutes and concerns the proposed erection of a masonry wall by the defendant. The proposed wall will not border the plaintiff's property but the property of a neighbor, the Sherman property. The Sherman property is fifty feet wide, the plaintiff's property which faces the ocean is approximately 100 feet wide. The wall will run north to south at a height of six feet and be to the west of the Sussman property.
The court will rely on its general analysis as set forth in Section I of its Memorandum of Decision in the companion case ofSherman v. Broadway Associates (CV96-0055573).
The reasons for granting injunctive relief are less compelling in this case. Whether or not evidence as to diminution of value is a sine qua non for injunctive relief it certainly is an important consideration. No convincing evidence of such reduction in value was presented by the plaintiff here.
The plaintiff only made a passing reference to the testimony of the appraiser in the Sherman case and said there would be a similar reduction in value in the case of her property. The only CT Page 6477 convincing evidence as to value was presented by the defendant through a real estate appraiser who had a great deal of experience in beach properties and stated generally that there would be no reduction in the value of the Sussman property.
In this case there is even a common sense ring to the testimony as to value. True, the same comments on the real usefulness to the defendant of this masonry wall could be made here as were made in the Sherman case, but it seems to the court a plaintiff in cases such as this has to make some showing that it has suffered sufficient injury so as to justify injunctive relief.
The court has heard the testimony and examined the pictures offered by the plaintiff here. Unlike the situation in the Sherman case, it does not appear that any view the plaintiff might have from her home would be impaired by the proposed wall or even from a sizable portion of her front yard. This is so because the Sussman house appears to be set back from the Sherman house and the defendant's house. Also, the distance from the proposed wall to the Sussman property is greater so that the angle of vision is reduced less than it would otherwise be.
This case comes down to a claim of a reduced ocean view from the cement patio area and a portion of the Sussman lawn. But if we predicate a 180° (degree) field of vision from the area, the closed in effect and fairly large deprivation of total view that would be visited on the Sherman's from their patio area if this wall were erected does not seem to be the case with the Sussman's. This may have been a case where a viewing by the court would have been helpful but from the pictures appearing on plaintiff's Exhibit Number 2, I do not believe injunctive relief on behalf of the Sussman's would be warranted; I cannot conclude that there is sufficient impairment of the use and enjoyment of the Sussman property for the issuance of an injunction.
Corradino, J.